IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Robabe Yazdian, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:06cv316 |
| | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Lufthansa German Airlines, | : | ORDER GRANTING MOTION FOR |
| | : | RELIEF FROM JUDGMENT |
| Defendant. | : | |

This matter is before the Court on Plaintiffs' Motion for Relief from Judgment or Order and Request for an Evidentiary Hearing pursuant to Fed. R. Civ. P. 60(b). (Doc. 33.) A hearing on Plaintiffs' motion was held on June 13, 2008. Plaintiffs, Robabe and Ali Yazdian, seek relief from this Court's order of January 4, 2008 (doc. 29) granting the Defendant's Motion to Dismiss for Lack of Prosecution (doc. 27). For the reasons that follows, the Court GRANTS Plaintiffs' motion pursuant to Rule 60(b)(1).

I.      BACKGROUND

On April 28, 2006, Defendant Lufthansa German Airlines removed the instant action to this Court. According to Defendant, Plaintiffs thereafter persistently failed to cooperate in discovery by delaying their answers to discovery requests and refusing to provide their authorization for release of medical records. On July 31, 2007, Plaintiffs' counsel James Lutz moved for leave to withdraw, citing "the lack of trust, cooperation, and communication" with his clients. (Doc. 21 at 2.) On August 14, 2007, the Court issued an order granting Mr. Lutz's motion for leave to withdraw and further stating,

1

> Plaintiffs have 45 days from the date of this order to obtain new counsel or advise the Court they wish to proceed pro se. Therefore, plaintiff's new counsel or plaintiffs must appear, along with defense counsel at a hearing set for October 3, 2007 at 10:30 a.m. in Chambers, Rm. #227.  Failure to appear by plaintiff will result in the DISMISSAL of this case for lack of prosecution. Counsel is hereby DIRECTED to advise the Plaintiffs of this order by certified mail.

(Doc. 23.)  On October 3, 2007, the Yazdians appeared for the conference.  Mr. Yazdian informed the Court that he had not obtained counsel but was trying to do so.  The Court gave Plaintiffs another forty-five days to obtain counsel or notify the Court of their intent to proceed with the case *pro se* and scheduled a telephonic status conference for November 14, 2007.

On November 14, the Yazdians participated in the telephonic status conference without counsel.  The Court asked Mr. Yazdian if he had obtained counsel, and he admitted he still had not done so.  The Court informed the Yazdians that their failure to either obtain counsel or advise the Court of their intention to proceed *pro se* was preventing the Defendants from being able to proceed with discovery in the case.  The Court asked Plaintiffs how they wanted to proceed, and Mr. Yazdian again requested more time to hire counsel.  The Court orally ordered Plaintiffs to advise the Court by December 31, 2007 if they had new counsel.  The Court then vacated the March 2008 trial date and scheduled a telephonic status report for Monday, February 11, 2008 to see what progress the parties had made.

Following the November 14 conference, the Court's case manager made a minute entry of the proceedings on the docket sheet that read, in relevant part, "Plfts to advise the Court by 12/31/07 if they have obtained counsel or not."  (See doc. 34 Ex. C.)  The entry was electronically mailed to counsel of record but was not electronically mailed to the Yazdians, who, though now unrepresented, were not *pro se* and thus were not included as email recipients

on the Court's electronic docketing system. Also on November 14, the Court clerk sent a notice of the February status conference electronically to counsel and by mail to the Yazdians. (Doc. 26.)

Plaintiffs did not contact the Court on or before December 31, 2007. On January 2, 2008, Defendant filed a motion to dismiss the action for lack of prosecution. (Doc. 27.) The Court granted Defendant's motion to dismiss on January 4, 2008 (doc. 29), and the clerk entered a judgment on the same day (doc. 30).

Almost two months after the Court dismissed this action, Plaintiffs, through counsel, filed a motion to set aside the judgment. The basis for Plaintiffs' motion is that they did not receive proper notice of the November 14, 2007 order requiring them to notify the Court on or before December 31 of the status of counsel. They assert that the absence of this notice gives the Court the power to reopen the case under Rule 60(b).

**II. ANALYSIS**

The Federal Rules of Civil Procedure allow the court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six reasons enumerated in Rule 60(b). Plaintiffs here move for relief under two such grounds: "mistake, inadvertence, surprise, or excusable neglect;" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). Rule 60(b)(1) is "intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)). In this case, Plaintiffs

3

claim that they are entitled to relief because their failure to contact the Court before the December 31, 2007 deadline was an "unintentional mistake." (Doc. 33 at 8.)

The Yazdians admit that the Court orally ordered them to advise the Court by December 31, 2007 if they had counsel or not. (Robabe Yazdian Aff. ¶ 6, Ali Yazdian Aff. ¶ 6, attached to doc. 33 as Exs. E and F.) However, they state that they never received any written notice of that order. (*Id*. ¶ 8.) They state that they received a notice by mail from the Court vacating the trial date and scheduling a status conference for February 11, 2008 and that, based on that notice, they believed they had until the February 11 conference to advise the Court if they had counsel or not. (*Id*. ¶¶ 9-10.) They assert that they would never intentionally disobey a court order. (*Id*. ¶ 11.) Furthermore, there is evidence that Mr. Yazdian was, in fact, attempting to obtain counsel during the month of December 2007, as is demonstrated by letters from two attorneys declining to represent him in this case. (*See* doc. 40.)

The Court is unaware of any requirement in this Circuit that an order requiring a party to notify the Court about the status of counsel be in writing. Thus, the Court's oral order to the Yazdians was valid notwithstanding the fact that the Yazdians did not subsequently receive a written copy of the order. That said, it is plausible that the Yazdians were legitimately confused when they subsequently received written notice from the Court setting a status conference for February and which made no mention of the December 31 deadline. The Court finds that Mr. Yazdian's testimony on the subject is credible and that his failure to contact the Court by December 31 as ordered was an excusable litigation mistake.

Defendant cites cases holding that lack of *written* notice of an entry of judgment does not entitle a party to relief from judgment when the party has *actual* notice. (Doc. 34 at 5.) However, the oral order in this case was not an entry of judgment, thus those cases are distinguishable. Likewise, *Dolphin Plumbing Co. of Florida, Inc. v. Financial Corporation of North America*, 508 F.2d 1326 (5th Cir. 1975), cited by Defendant, is distinguishable. In *Dolphin Plumbing*, after the defendant's counsel withdrew, the court gave the defendant fourteen days to procure a substitute counsel. *Id*. at 1326. The defendant failed to comply with the court order, and a default was entered. *Id*. at 1327. The court denied the defendant's Rule 60(b) motion after finding that there was "no explanation whatever for [defendant's] failing to comply with the court's order . . . to procure substitute counsel within two weeks." (*Id*. at 1328.) To the contrary, Plaintiffs in this case have explained why they failed to comply with the Court's order: they thought they had until February to do so based on the notice received from the clerk. Neither is this a situation where a party has ignored specific procedural rules, which has been found to constitute inexcusable neglect. *See*, *e.g.*, *Cacevic*, 226 F.3d at 490-91; *see also Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984). Because the Court finds that relief from judgment in this case is appropriate under Rule 60(b)(1), it need not consider the propriety of granting relief under Rule 60(b)(6).

This case has now been pending for more than two years, and the Court is sympathetic to Defendant's frustration stemming from the Yazdians' failure to timely obtain counsel. However, the Court is mindful of the strong policy in favor of trial on the merits. Thus, while the Court hereby GRANTS Plaintiffs' motion for relief from judgment, it will not tolerate any further delay. A telephonic status conference is set for July 16, 2008 at 2:30 p.m., at which time the

parties must be prepared to set a deadline for dispositive motions and dates for the final pretrial conference and trial.

      IT IS SO ORDERED.


                                                                <u>s/Susan J. Dlott</u>
                                                                Susan J. Dlott
                                                                United States District Judge